# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS MENDES SOUZA,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>RALPH DIAZ,<br><br>　　　　　Respondent. | Case No.:12-cv-01752-LJO-SAB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S REQUEST TO DISMISS CASE AS DUPLICATIVE<br><br>(ECF. No. 9) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition for writ of habeas corpus was filed on October 29, 2012.  On November 6, 2012, the Court directed Respondent to file a response to the petition.   Respondent filed a response to the petition on December 21, 2012, and requests the petition be dismissed as duplicative of or consolidated with case number 1:12-cv-01745-MJS (HC), <u>Douglas Souza v. Ralph Diaz</u>.

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." <u>Adams</u>

v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'"  Adams, 487 F.3d at 688 (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689.  First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion.  Id.  Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005).  "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "'Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering.'"  Adams, 487 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693.  The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "'fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action.'"  Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

On October 26, 2012-just three days before the instant case was filed, Petitioner filed a petition for writ of habeas corpus in this Court which was assigned case number 1:12-cv-01745-MJS (HC).[1]  In both petitions, Petitioner challenges the same 2008 conviction for vehicular

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case.  See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal

manslaughter imposed in the Tulare County Superior Court.  The claims raised in the instant petition are identical to the claims raised in the previously filed petition in case number 1:12-cv-01745-MJS (HC).  In response to question number nine of the form petition-"have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?"- Petitioner responded "no."  (Pet. at 7.)  Indeed, the instant petition for writ of habeas corpus is a verbatim copy of the petition filed in the prior case.  Because the instant petition is identical in all respects to the petition filed three days earlier in case number 1:12-cv-01745-MJS (HC), and Petitioner is effectively pursuing his constitutional challenges by way of that case, the instant petition should be dismissed as duplicative.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's request to dismiss the instant petition for writ of habeas corpus as duplicative of case number 1:12-cv-01745-MJS (HC) be granted; and

2. The Clerk of Court be directed to dismiss the instant petition and terminate the action.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that

---

are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 741, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

    Dated:   **January 23, 2013**                    **/s/ Stanley A. Boone**
                                                       UNITED STATES MAGISTRATE JUDGE